IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DUSTAN R. KILLINGSWORTH, #09254 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv562 |
| TAWANNA KILLINGSWORTH, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Dustan Killingsworth, an inmate at the Rains County Jail proceeding *pro se* and seeking to proceed *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On April 26, 2024, the Court reopened Plaintiff's lawsuit, upon his own motion, (Dkt. #6) and ordered him to amend his complaint within thirty days from the receipt of the Order. The Order warned Plaintiff that the failure to comply may result in the dismissal of his lawsuit. A copy of this Order was sent to Plaintiff at his address, with an acknowledgment card. The docket reflects that the mail was returned as "undeliverable," with a specific notation that it was "refused" and that the amended complaint was returned back to the Court, (Dkt. #12). Despite additional time to do so, Plaintiff has not filed his amended complaint. It seems he also refused the courtesy copy of a section 1983 complaint sent to him so that he could easily comply with the order. Moreover, plaintiff has also not communicated with the Court since the Court reopened his lawsuit.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power

to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Killingsworth filed a motion to reopen his lawsuit, but failed to file an amended complaint as ordered. The time to do so has since expired, and Plaintiff thus failed to comply with an order of the Court. Plaintiff's failure to comply with an order of the Court is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 14th day of June, 2024.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE